IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> *ex rel.* FEI GUAN, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ADVANCED SYSTEMS TECHNOLOGY ) <br> AND MANAGEMENT, INC., *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 1:18-cv-795 (CMH/MSN) |

**MEMORANDUM OF POINTS OF AUTHORITIES
IN SUPPORT OF RELATOR FEI GUAN'S
MOTION FOR EXTENSION OF SERVICE DEADLINE**

Plaintiff-Relator Fei Guan, by and through the undersigned counsel, moves this Court, pursuant to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 6(b)(1)(A), Fed. R. Civ. P. 7(b), and the inherent power of this Court to extend the deadline to serve the first amended complaint and summonses in the above captioned matter. Given the complex procedural status of this matter, Plaintiff-Relator is seeking an extension to serve the complaint and summons on Defendants Advanced Systems Technology And Management, Inc. and Bing Ran to 30 days after the United States notifies this Court of its decision whether to intervene in the above-captions False Claims Act *qui tam* action against Qi Tech, LLC; Shangwu Qi; Advanced Foredata Systems JV, LLC; and Foredata Technology, Inc. ("the Remaining Defendants"). The United States consents to Relator's request.

Plaintiff is seeking this extension of the service deadline for the efficiency of this Court and the Parties.

1

## Background

Relator Fei Guan filed his original complaint on June 27, 2018, in the United States District Court for the Eastern District of Virginia on behalf of himself and the United States alleging that Defendants Advanced Systems Technology and Management, Inc. ("AdSTM") and its former CEO, Bing Ran, along with the Remaining Defendants engaged in fraud against the Small Business Administration's Section 8(a) Business Act, 15 U.S.C. § 637(a) in violation of the Federal False Claims Act, 31 U.S.C. §3729 *et seq*. Relator filed a first amended complaint on September 22, 2022, to include a retaliation claim brought on his own behalf against AdSTM pursuant to 31 U.S.C. § 3730(h) seeking damages pursuant to 31 U.S.C. § 3730(h)(2) to include economic damages, compensatory damages, reasonable attorney's fees, pre-judgment interest, and court costs incurred by Relator Guan. In Relator's original complaint and first amended complaint, relator sought relief on behalf of himself to include payment of reasonable attorneys' fees, costs, and expenses pursuant to 31 U.S.C. § 3730(d).

This Court issued an order to seal the complaint and subsequent filings upon the filing of the original complaint, consistent with 31 U.S.C. § 3730(b)(2). The United States subsequently began investigating Relator's claims. This Court granted the United States' requests for extensions of this seal which remained in place until this Court's order unsealing the case March 10, 2023. The United States and Relator came to a settlement agreement with AdSTM and Ran ("Settling Defendants") as to the qui tam claims brought on behalf of the United States. However, at that time, Relator and the Settling Defendants did not resolve or dismiss Relator's claims against the Settling Defendants pursuant to 31 U.S.C. § 3730(d) for reasonable expenses, attorney's fees, and costs pertaining to Counts I-IV, or Count V of the Amended Complaint, alleging retaliation by AdSTM, in violation of 31 U.S.C. § 3730(h).

On March 20, 2023, this Court entered an Order on the United States', Relator's, and AdSTM and Bin Ran's Joint Notice of Dismissal. Dkt. No. 61. Despite the case now being unsealed, the United States requested an additional extension of the deadline by which to notify the Court of its intervention decision, which the Court granted on March 13, 2023. Dkt. No. 59. As such, the case is currently unsealed in total, and Counts I through IV of the Relator's First Amended Complaint as to AdSTM and Ran are partially dismissed, but the United States' investigation into the Remaining Defendants is ongoing. Relator's claims against AdSTM and Ran pursuant to 31 U.S.C. § 3730(d) for reasonable expenses, attorney's fees, and costs pertaining to Counts I-IV, and Count V of the first amended complaint, alleging retaliation by AdSTM, in violation of 31 U.S.C. § 3730(h) remain outstanding. *See* Order on Joint Notice of Voluntary Dismissal, Dkt. No. 61. It is these outstanding claims for which Guan seeks to extend the service deadline.

Pursuant to Fed. R. Civ. P. 4(m) a plaintiff must serve a defendant within 90 days after the complaint is filed. In *qui tam* cases, complaints are filed under seal and cannot be served on defendants until such time as the court unseals the case. 31 U.S.C. § 3730(b)(2). Once a court issues an order unsealing a *qui tam* complaint, the complaint must be served upon defendants pursuant to Rule 4 of the Fed. R. Civ. P. *Id.* at § 3730(b)(3). Fed. R. Civ. P. 4(m) requires a court to dismiss an action without prejudice against any defendant that is not served within 90 days or the court order that service be made within a specified time. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m)**.**

Relator requests that the Court extend the deadline for Relator to serve the first amended complaint on Defendants AdSTM and Ran for good cause. Specifically, to extend Relator's

service deadline will promote judicial economy as it will allow all potential claims to move forward on one timeline as opposed to bifurcating Relator's claims against the Settling Defendants and the remaining claims Relator may have against the Remaining Defendants.

**I.** **Standard of Review**

"A plaintiff may escape dismissal for failure to timely serve process if she demonstrates "good cause" for the delay. *Martinez v. United States*, 578 F. App'x 192, 193 (4th Cir. 2014). "What constitutes "good cause" for purposes of Rule 4(m) "necessarily is determined on a case-by-case basis within the discretion of the district court."" *Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016)). The Fourth Circuit has identified factors that may, but are not required to, be considered when determining whether "good cause" exists: (1) the delay in service was outside the plaintiff's control; (2) the defendant was evasive; (3) the plaintiff acted diligently or made reasonable efforts; (4) the plaintiff is pro se or in forma pauperis; (5) the defendant will be prejudiced; or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A). *Scott*, 673 F. App'x at 306; *Collins*, 782 F. App'x at 267 (holding no abuse of discretion where district court did not consider the factors enumerated above).

"Good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), as amended (June 10, 2019). "Rule 4(m) [ ... ] permits a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996) (quoting Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4); *see also Scruggs v. Spartanburg Reg'l Med. Ctr.*, 198 F.3d 237 (4th Cir. 1999).

4

## II. An Extension of the Service Deadline Will Promote Efficiency

As outlined in the parties' Joint Notice of Voluntary Dismissal, Relator joined the United States in voluntarily dismissing, with prejudice, Counts I through IV of the Relator's amended complaint as to Defendants AdSTM and Ran, pursuant to the terms of a settlement agreement among the United States, Relator, and the Settling Defendants. However, Relator expressly did not dismiss or waive Relator's claims against the Settling Defendants pursuant to 31 U.S.C. § 3730(d) for reasonable expenses, attorneys' fees, and costs pertaining to Counts I-IV, nor did Relator dismiss Count V of the amended complaint (alleging retaliation by AdSTM in violation of 31 U.S.C. § 3730(h)).

As the forgoing claims remain outstanding against the Settling Defendants and the case is unsealed, it is Relator's understanding that his deadline to serve the first amended complaint on the Settling Defendants is June 8, 2023. However, the United States is continuing its investigation into Relator's allegations against the Remaining Defendants and has not yet made an intervention decision as to the Remaining Defendants. The United States' intervention decision as to the Remaining Defendants will impact whether Relator has claims against the Remaining Defendants.

By extending Relator's service deadline to 30 days after the United States notifies this Court of its intervention decision as to the Remaining Defendants will promote judicial economy because it will allow the parties to either resolve all claims at one time, or it will allow Relator to bring all outstanding claims at one time. To bifurcate Relator's service of the first amended complaint on the Settling Defendants and the Remaining Defendants may cause a scenario where the Court has to parse through essentially two cases. To allow Relator to serve all applicable defendants at one time – after the United States' intervention decision as to the Remaining

Defendants – would cause this Court to only have to oversee one matter, assuming Relator is not able to resolve all outstanding individual claims as to all Defendants.

Good cause to extend the service deadline arises from the reasoning that all claims can either proceed or resolve together. To require the Settling Defendants to be served before the United States' investigation into the Remaining Defendants closes would require Relator's individual claims against the Settling Defendants to proceed ahead of Relator's and the United States' claims against the Remaining Defendants.

A considerable amount of confusion could arise from litigating two sets of claims by Relator, or even by Relator and the United States.[1] If the Court extends the deadline to serve the amended complaint until thirty days after the United States' intervention decision, it will preserve judicial resources and serve the efficiency of the Court.

### III. Even if the Court Does Not Find Good Cause Exists, the Court Should Still Grant an Extension of the Service Deadline

Fed. R. Civ. P. 4(m) expressly considers that the Court may grant a plaintiff additional time to effectuate service even absent good cause. Here, Plaintiff-Relator seeks leave of the Court for a thirty-day extension of time to serve the Settling Defendants in order to consolidate the litigation process for the purpose of efficiency.

### Conclusion

WHEREFORE, and for the foregoing reasons, Relator moves to extend the deadline to serve the amended complaint and summons in the above captioned matter until 30 days after the United States notifies the Court of its intervention decision as to the Remaining Defendants.

---

[1] For example, if the United States were to intervene against the Remaining Defendants in order to litigate the claims the United States has against the Remaining Defendants, it would put Relator's litigation for his individual claims against the Settling Defendants on a different track than the United States' litigation, despite all claims being brough under the same case number and being related to the same set of allegations.

Respectfully Submitted,

*/s/ Janel Quinn*
R. Scott Oswald, VSB # 41770
Janel Quinn, VSB 89503
The Employment Law Group, P.C.
1717 K Street, NW, Suite 1110
Washington, D.C. 20006
(202) 261-2813
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
jquinn@employmentlawgroup.com
*Attorneys for Qui Tam Relator*

**Certificate of Service**

I hereby certify that a true copy of the foregoing was served via ECF on May 12, 2023 upon all parties who have entered their appearance.

*/s/ Janel Quinn*
Janel Quinn